UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-62740-CIV-SINGHAL

ADRIAN MARTIN-MARTINEZ

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security, in his official capacity, *et al.*,

Respondents.
_______________________________________/

**ORDER**

**THIS CAUSE** is before the Court upon Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "**Petition**"). (DE [1]). In their Return to Writ of Habeas Corpus (DE [9] (the "**Return**")), Respondents argue (among other things) that the Petition is a shotgun pleading and invite the Court to dismiss it without granting leave to amend. *See id.* at 4–6. Petitioner disagrees, arguing that the Petition provides adequate notice of Petitioner's claims and is otherwise clear. *See* (DE [10] at 4). Although the Court tends to agree that the Petition is clear, it does constitute a shotgun pleading under binding precedent and therefore must be dismissed without prejudice.

The Petition is prosecuted under 28 U.S.C. 2241. *See* (DE [1] at 1). Courts "may apply any or all of [the Rules Governing Section 2254 Cases] to . . . habeas corpus petitions [not filed under 28 U.S.C. section 2254]." Rule 1(b), Rules Governing § 2254 Cases; *see also Walfrido Perez Claro v. U.S. Immigr. and Customs Enf't*, 2026 WL 3000799, at *1 n.1 (S.D. Fla. Oct. 6, 2026) ("The Court may, in its discretion, apply the Rules Governing § 2254 Cases to petitions under § 2241." (citing Rule 1(b))). And the Rules Governing Section 2254 cases provide that "[t]he Federal Rules of Civil

Procedure[,] . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12, Rules Governing § 2254 Cases.

Accordingly, the Court applies Federal Rule of Civil Procedure 8 to this action. Rule 8(a)(2) requires a pleading "to include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)). A pleading violates that rule and is dismissible as a "shotgun pleading" when it "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. Because the Petition violates this rule, it will be dismissed. *See* (DE [1] ¶¶ 56, 61, 66, 69).

Nevertheless, the Court declines Respondents' invitation to withhold leave to amend. "When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Petition (DE [1]) is **DISMISSED WITHOUT PREJUDICE**;
2. Petitioner is **GRANTED LEAVE** to file an amended habeas petition by **October 23, 2026**;
3. Respondents are **ORDERED** to show cause by **October 28, 2026,** why Petitioner's forthcoming amended petition should not be granted.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 20th day of October 2026.

Copies furnished to counsel via CM/ECF

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE